## WOODY v. DEAN.

1. An exception to the admission of a judgment roll in evidence does not raise any question as to whether the judgment so introduced was valid and legal.

2. The purchaser at sheriff's sale, under whom defendant claimed, having testified that she had made a search for the sheriff's deed and could not find it, her testimony as to her purchase, her compliance, and her receipt of a deed from the sheriff, though secondary, was admissible.

3. The judge having admitted in the reply by plaintiff testimony which he ruled to be strictly in reply, but afterwards ruled to be new matter, he did not err in permitting defendant to offer evidence in rebuttal thereof. In such cases much must be left to the discretion of the presiding judge.

4. A rule of court having forbidden an entry of judgment before the adjournment of court, the Circuit Judge did not err in instructing the jury that a judgment entered on the day that court convened, might, in the absence of all testimony, raise a presumption that the court had on the same day adjourned, as it was the duty of the clerk not to enter judgments of the term before an adjournment.

5. An erroneous instruction to the jury which could have made no possible difference in their verdict, is not ground for a new trial.

6. A judge should not express to the jury his opinion of what has been proved, and what has not; but in stating the law he must necessarily say something about the testimony. As to any disputed matter of fact in issue between the parties, while he may state the evidence, yet he is not permitted to give his opinion as to its force and effect, or make remarks tending to influence the jury as to their finding. He may state the case alternatively, but he must not take the testimony from the jury.

7. In an action to recover land held by defendant under a sheriff's deed, the plaintiff cannot object to defendant's title upon the ground that the purchase money was not paid in full to the sheriff.

8. Where a conveyance founded on a valuable consideration, is attacked for fraud, fraud in the grantor is not sufficient, but the purchaser also must be implicated. But this rule does not apply to voluntary conveyances ; in such case a man must be just before he is generous.

9. The judge was asked to charge the jury that "there was no authority for the sheriff to sell the land in dispute under the judgments and executions introduced in evidence." This he declined, saying that the sale would be valid if, at the time, there was any valid judgment or execution to which the sale could be referred. *Held*, that in this there was no error, and that this request did not call upon the judge to charge as to what would constitute a legal judgment or execution.

Before COTHRAN, J., Spartanburg, March, 1885.

The opinion sufficiently states the case.

*Messrs. J. S. R. Thomson* and *W. S. Thomason*, for appellants.

*Messrs. Bomar & Simpson,* contra.

March 30, 1886.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The plaintiff brought the action below to recover a certain tract of land in the possession of the defendant.   The plaintiff claimed under a deed from her father, Larkin Ballenger, dated March 31, 1855, and the defendant, through a deed from the sheriff of Spartanburg, who had sold the land under execution against the said Ballenger, at which sale one Elizabeth White was the purchaser, and from whom, by successive conveyances, the land reached the defendant.   So that both parties claimed from a common source ; the question was, which had the better title ?   There was no doubt as to the execution of the plaintiff's deed, but the defendant alleged that at the time of the execution of this deed there were judgments against Larkin Ballenger under which the land had been sold by the sheriff; and, further, that the conveyance from said Ballenger to his daughter (the plaintiff) was a voluntary conveyance, made to hinder and delay creditors, and therefore was fraudulent and void.

The jury found for the defendant.   The appeal questions the admission of certain testimony, and assigns error to the charge of his honor, Judge Cothran, who tried the case, and to his refusal to charge certain requests.   The exceptions in which these alleged errors are assigned will be disposed of in the order in which they are presented in the "Case."

The 1st complains that a judgment roll and execution in the case of *William White* v. *Larkin Ballenger* was admitted in testimony.   It is stated in the "Case" that the defendant put in testimony judgment rolls of the Court of Common Pleas against Larkin Ballenger.   Among these rolls was one (indorsed) "Spartanburg,

roll 3792, William White *v.* Larkin Ballenger. Confession, $141.36. Interest from July 14, 1853. Recorded in book K, page 639." The execution is not signed by any one, but is tested by the "clerk, otherwise regular." It was to the admission of this roll that the first exception above applies. It will be observed that this exception does not raise any question as to the point whether this roll constituted a judgment, whether in law the legal requisites of a confession had been complied with, so as to make it a valid and legal judgment, but it is confined to the question of its admission in the case as testimony.

The two questions are very different. The first is before us, but the latter is not. The appellant's counsel has argued the latter, and has pointed out several particulars in which he claims that the paper was fatally deficient as a judgment. This may or not be so, but the judge made no ruling on this subject, nor does it appear that he was requested to do so. Or if he did rule upon it, the exception under consideration assigns no error to such ruling. It does no more than object to the paper being in testimony. It may not have been worth much, certainly not unless its defects were sufficiently explained; but its admission for what it was worth does not seem to us to have been legal error. It was competent to the point at least that there was such a roll in the clerk's office. The appellant discusses the legality of other judgments introduced by the defendant, but we find no exception under which such discussion becomes pertinent.

2d exception claims error, because his honor overruled plaintiff's objection to the testimony of Elizabeth White in regard to the sheriff's deed and the contents thereof. This witness was the purchaser at sheriff's sale of the land in dispute. The deed was not produced. The witness was examined by commission, and in reply to the interrogatories she stated, "I know the Larkin Ballenger land. I bid them off at sheriff's sale and paid the bid; the land was sold under execution. All the Larkin Ballenger land was sold. I got a deed for certain lands from Sheriff Wingo. I have made search for this deed but cannot find it. I never bought any other land at sheriff's sale but the Larkin Ballenger land," &c. It is true that a portion of this is secondary evidence, and it suggests better and primary evidence; but secondary evidence is

admissible where the primary has been lost or destroyed, after proper search for it in the proper place. The witness testified that she had made search for it. She does not say where, but the paper was hers, she was the proper custodian, and if she was unable to find it after search, the way was clear for the introduction of the secondary evidence which she gave. *Oliver* v. *Sale*, 17 *S. C.*, 587; 1 *Greenl. Evid.*, § 558; *Floyd* v. *Mintsey*, 5 *Rich.*, 362; *Berry* v. *Jourdon*, 11 *Rich.*, 75; *Congdon* v. *Morgan*, 14 *S. C.*, 592.

3d. Error is alleged in allowing the defendant to put up additional testimony to rebut the testimony offered in reply by plaintiff. It appears that during the reply in testimony by the plaintiff certain evidence was introduced which the judge ruled at first was in reply, but upon consideration he ruled that it was new matter, and he then, because it was new, permitted the defendant to offer rebuttal evidence thereto. This cannot properly be assigned as error. It was simply correcting a mistake. It was no more than putting the parties back in their former status. If this new matter had been introduced by the plaintiff in her evidence in chief, where it ought to have been introduced, certainly the defendant would have been allowed to rebut it, and when it came out in the way it did, justice required that the defendant should be permitted to meet it; otherwise, he would have been taken at a disadvantage, by a mistake of his honor. Besides, the object of all judicial investigations is to reach the truth, and while the mode of procedure, long in use, affords the best of means of accomplishing the end, and therefore should be adhered to, yet in a case like this, where that mode has inadvertently been departed from on the one side, it is no violation of the principle to have the mischief repaired by relaxing the rule on the other side. In such cases much should be left to the discretion of the presiding judge. *Kairson* v. *Puckhaber*, 14 *S. C.*, 627; *Christian* v. *Lebeschultz*, 18 *Id.*, 602; *Cantey* v. *Whitaker*, 17 *Id.*, 529.

4th. "In charging that a judgment obtained in court could be filed and entered on the first day of the term." This exception, it seems to us, was taken under a misapprehension of what the judge said. We do not find in the charge as printed in the "Case" that the judge charged as here stated. On the contrary, he

called attention to the old rule, 11, of the court, which forbade the entering of judgments until the rising of the court, and he stated that it did not appear when the court rose, or how long it sat.  It was to assemble on that day, and if it adjourned on that day the judgment was entered up properly on the day the court met and adjourned—further stating that public officers in the discharge of their public duties were presumed to discharge them properly and according to law, and in order to break this presumption down, there should be proof such as to satisfy the jury that that presumption was not well founnded.  With this he seems to have left the question to the jury.  Where was the error in this ?  The judge's law seems to be sound, and it is with his law only that we are allowed to deal.

5th.  "In charging on the facts, in charging, in substance, that the deeds of gift made by Larkin Ballenger were void."  Here, again, we think the appellant misapprehended the charge.  We do not find that he charged anywhere directly and positively, or in substance, as alleged, that these deeds were void.  On the contrary, he asked what was the purpose of their execution.  Was Ballenger in embarrassed circumstances at the time, insolvent, and being sued ?  Did he mean to defraud his creditors ?  "If so, the law would not tolerate fraud, &c., but it is for you to say for what purpose.  If it was fraudulent, then they cannot stand ; otherwise a man can do as he pleases with his own, because it is his."  These remarks are not objected to, except in the general language of the exception, that, in substance, he charged that the deeds were void.  We do not think the exception is sustained by the charge.  Nor do we find that the 6th exception is borne out by the charge.

7th.  "Because his honor charged that when the sheriff levies upon land under execution, the titles by operation of law pass out of the defendant and into the sheriff."  This is an abstract question, in no way affecting this case.  What the judge meant, as it evidently appears from reading all of his charge on this point, was that the sheriff, when he levied on land, was invested with power to convey the same to the purchaser by executing a deed thereof.  But even if he expressed this idea in the language of the exception, what difference did it make ?  It could have had

no influence with the jury in determining the question of title as between the parties litigant. The main idea was that after levy and upon the sale, the sheriff could convey to the purchaser. It could have made no difference to the jury, whether he obtained title when he levied or was invested with power to convey when he sold.

We do not see where he charged as objected in the 8th exception, but if he did, that is disposed of by what has already been said.

The 9th "alleges that the judge charged on the facts, in reference to Mrs. White obtaining from the sheriff a deed for the land in dispute." While a judge has no right under the constitution to charge on the facts to the extent of giving his opinion to the jury, of what has or has not been proved as matter of fact, yet, in stating the law, he must necessarily say something about the testimony, or else his charge would be barren of fruit, and in many cases a useless ceremony. The appellant has not pointed out to us wherein the judge gave his opinion to the jury in connection with Mrs. White obtaining a deed from the sheriff. He stated what Mrs. White said, but he did not say that in his opinion it was true, nor that the jury was bound to find the facts as she stated them.

10th error. "In charging that the sheriff could make a valid deed to Mrs. White, although she had not paid her bid in full, $19 being unpaid." The sheriff may have made himself responsible for this balance, if he executed the deed in advance of its payment, but the deed would not have been void on account of its non-payment. Upon executing the deed, he is presumed to have received the money, and, as to the execution creditors, he would be estopped from denying it. Besides, there is no evidence that any one entitled to this balance has complained.

The 11th exception is the 10th in a different form, and the 12th has no bearing upon the case, and the same may be said as to the 13th.

14th. Again complains that the judge charged on the facts, in reference to Mrs. White's agreement with the children of Larkin Ballenger, to make titles to them when she was reimbursed the money paid by her. Charging on the facts is a vague term, al-

though qualified by stating the subject-matter, to which the charge referred, as in this exception, and the other exceptions, as to the facts.   Sometimes a fact is admitted all round, and in such case there would be no objection to the judge assuming it, and declaring the law applicable to such fact.   What is meant by the constitutional inhibition upon a judge in charging on the facts, as we understand it, is that as to any disputed matter of fact in issue between the parties, while he may state the evidence, read it over to the jury, or state it orally, yet he is not permitted to give his opinion as to its force and effect, or make remarks intended, or tending, to influence the jury as to their finding.   He may state the case alternatively, as, if they find thus and so from the testimony, which he has recounted to them, the law will be one way, if not, it will be otherwise.   The point is, that the judge shall not take the testimony from the jury, either directly or impliedly, as to its effect.   It has not been pointed out to us wherein Judge Cothran violated this rule below.

The 15th and 16th exceptions were not discussed by the appellant, nor do we see their pertinency.

17th. "Alleges error, because his honor refused to charge that it is not sufficient to defeat plaintiff's title, simply to show that the grantor had a fraudulent intent when he conveyed it to her, and in charging that such rule cannot apply here."   His honor was requested to charge "that it was not enough to show that the grantor's conveyance was with fraudulent intent."   He replied: "That would be so, if this conveyance was a conveyance for valuable consideration, but that rule does not apply to voluntary conveyances, and especially conveyances to children."   Was this not the proper and legal distinction between these two classes of conveyances?   Ordinarily, it is true that where a conveyance, founded on a valuable consideration, is attacked for fraud, you must not only prove the fraud in the grantor, but you must go further and implicate the purchaser; but this rule does not apply to voluntary conveyances.   In such case, a man must be just before he is generous, and he cannot part with his property by a mere gift, thereby defeating his creditors, however innocent or commendable may be his motives, or however worthy the objects of his bounty.

18th, and the last.   "There was not authority for the sheriff

to sell the land in dispute under judgment and executions introduced in testimony." In reply to a request to charge this, his honor said : "I cannot charge this, gentlemen, because you may find from the proof here that there were judgments ; and if there was any judgment in the sheriff's office at the time the sale was made, to which that sale could be referred, the law says that it is a valid sale, whether the execution under which he levied was a good execution or not. If there was an execution in this office to which this sale could be referred, then the sale was valid for the purpose of taking title out of the parties. *Agnew* v. *Adams*, 17 *S. C.*, 364. I have charged you already upon the subject of enough property remaining to satisfy the judgments against him, outside of the lands conveyed to the plaintiff. But it must appear clearly that there was enough in his possession, not only to satisfy the execution, but to pay all of his debts. Where a man conveys his property voluntarily, and owes debts at the same time, if he has not got an abundance of property to pay the debts, then the creditors who are injured by that voluntary conveyance have the right to draw that property back."

The main point in this quotation is, that the judge declined to say for himself that the judgments or executions introduced were insufficient. What would constitute a legal judgment or execution was doubtless a question of law, and had the judge been requested to state the legal requisites of a valid judgment, and he had declined or had stated them incorrectly, an exception would have been proper ; but whether there was such a judgment, was a question of fact. This he left to the jury, and had he not done so, he would have usurped the province of the jury, and been subject to the criticism of charging on the facts. His law, that if there was any judgment or execution in the office under which the sale could be made, whether levied or not, yet the sale would attach thereto, was certainly correct.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.